**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN THE MATTER OF:                              CHAPTER 13 NO:

JOE SIMON AND SHARON WELLS                     16-10845

## TRUSTEE'S MOTION FOR ACCOUNTING

COMES NOW, Terre M. Vardaman, Trustee, and files this her Motion for Accounting in the above styled and numbered case, and in support of same, would show unto the Court the following:

1. The Debtors' Chapter 13 plan was confirmed on May 2, 2016, for a period of 36 months with $0.00 to the unsecured creditors herein.

2. A material part of the plan provided for the payment of conduit mortgage payments to Ocwen Loan Servicing of $548.00 per month including escrow commencing with May 2016, while curing prepetition mortgage arrears calculated through April 2016.

3. After the case was confirmed, Deutsche Bank Trust Company filed a proof of claim on July 7, 2016, on behalf of Ocwen Loan Servicing in the total amount of $47,858.72, showing thereon the prepetition arrearage claim of $4,218.24 and ongoing conduit payments of $472.36.

4. Page 4 of the proof of claim showed that it was being filed as a "total debt claim," with the total amount owed on date of maturity, December 1, 2016, expected to be $50,846.70.

5. At the time the proof of claim was filed, the Trustee notified the Debtor's attorney that the loan would mature prior to the termination of the bankruptcy proceeding, and that absent a loan modification, payment in full of the claim over the life of the plan would render the plan unfeasible. The Trustee subsequently filed a Motion to Dismiss this case on December 16, 2016, stating therein the above sequence of events, and the Debtors responded that they had applied for a loan modification with Ocwen and were approved, and that they were now under a new balloon mortgage with a maturity date of April 2032.

6. After several months of rescheduled hearings while the Trustee attempted to contact Ocwen Loan Servicing to obtain proof of the loan modification, an Order was finally entered on the Trustee's Motion to Dismiss on June 20, 2017, denying the Motion to Dismiss, with the Trustee to continue accruing conduit payments until such time as the Debtors could provide proof of a loan modification, as, in the interim, the mortgage was in the process of being transferred from Ocwen to Nationstar.

7. Servicing for this loan has been transferred a total of three (3) times:

    June 20, 2017          from Ocwen/Deutsche Bank to Nationstar/ U.S. Bank National Association
    March 19, 2018         from Nationstar/U.S. Bank National Association to MTGLQ Investors c/o Rushmore Loan Management;
    September 19, 2018     from Rushmore Management to U.S. Bank Trust National Association/SN Servicing Corp.

8. In the interim, although the Creditor originally filed their proof of claim as a "pay debt in full" claim, they have continued to file Notices of Mortgage Payment Changes, one on October 3, 2017, showing a payment change from $472.36 to $580.19 effective 11/1/2017; and another on May 9, 2018, showing a payment change to $490.98, effective June 1, 2018.

9. The Trustee would show that she has continued making conduit payments on this loan pursuant to the aforesaid Notices of Mortgage Payment Changes, and has cured the prepetition arrearage claim per the original confirmed plan and proof of claim.

10. The Trustee contacted the Debtor's counsel in September 2018 when excess funds began accumulating in this case, and was advised at that time after several phone calls and emails that it appeared that no loan modification agreement was ever obtained.

11. The Trustee would request that the current servicer for this mortgage, SN Servicing Corp./U.S. Bank Trust National Association as Trustee of Tiki Series III Trust, provide to the Trustee an accounting of the outstanding principal and interest and all other post-petition fees and expenses due as of and through June 30, 2019.

12. The Trustee has filed a separate, simultaneous Motion to Modify, requesting that absent proof that the Debtors did, in fact, obtain a loan modification which extended the maturity date for their mortgage, that the plan period be extended to 60 months, allowing the Debtors opportunity to obtain same.

13. Other grounds to be shown at the hearing hereon.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that this Motion be received and filed, and that at the hearing hereon this Motion be approved, and for such other, further, and general relief to which the Trustee and this bankrupt estate may be entitled.

DATED: May 15, 2019          Respectfully submitted:

---
/S/ JEFFREY K. TYREE, MSB#9049
ATTORNEY FOR TERRE M. VARDAMAN,
CHAPTER 13 TRUSTEE
PO BOX 1326, BRANDON MS 39043-1326
601-825-7663; vardaman13ecf@gmail.com

**CERTIFICATE OF SERVICE**

    I, Jeffrey K. Tyree, attorney for the Chapter 13 Trustee, do hereby certify that I have this day filed the foregoing with the clerk of this court using the CM/ECF system, and I further certify that I served a true and correct copy of same, either electronically or via United States Mail, postage prepaid, to the UNITED STATES TRUSTEE and the following:

William C. Cunningham
wccsinc@gmail.com


US BANK NATIONAL ASSN
FLOYD HEALY
rcolelaw@swbell.net


JOE AND SHARON WELLS
614 CYPRESS ST
COLUMBUS MS 39702


US BANK NATIONAL ASSN
PO BOX 619096
DALLAS TX 75261-9741


U.S. BANK TRUST NATL ASSN
C/O SN SERVICING CORP
323 5TH ST
EUREKA CA   95501


SN SERVICING CORP
PO BOX 660820
DALLAS TX 75266-0820


    Dated: May 15, 2019.                         _____
                                                                                         /S/ JEFFREY K. TYREE